John J. WUSINICH and Elizabeth Wusinich, Plaintiffs,

v.

AEROQUIP CORPORATION, Defendant.

John J. WUSINICH and Elizabeth Wusinich, Plaintiffs,

v.

RIDGE TOOL COMPANY, Defendant.

No. 92–CV–2135.

United States District Court, E.D. Pennsylvania.

Feb. 2, 1994.

Arnold M. Kessler, Kessler & Cohen, Philadelphia, PA, for plaintiffs.

Anthony F. Zabicki, Jr., McWilliams & Mintzer, P.C., Philadelphia, PA, for defendant Aeroquip Corp.

Thomas J. Madigan, Robert S. Grigsby, Pittsburgh, PA, for defendant Ridge Tool Co.

### Memorandum and Order

JOYNER, District Judge.

The instant civil action is presently before the Court for disposition of the motion in limine of Defendant Ridge Tool Company to exclude evidence of subsequent remedial measures pursuant to Rule 407 of the Federal Rules of Evidence. For the reasons set forth below, the motion in limine will be granted.

### Background

The pertinent facts to this motion in limine are as follows. Plaintiff John J. Wusinich was an employee of Philadelphia Carburetor and Ignition Company ("PCIC"). On July 29, 1991, Plaintiff was injured while operating a hose assembly machine which was purchased by PCIC in 1968 from Defendant Aeroquip Corporation and allegedly manufactured by Defendant Ridge Tool Company. Plaintiff asserts that while operating the machine his pant leg was caught in a revolving hose. As he pulled his leg away from the machine and attempted to reach the shut-off switch, Plaintiff contends that the machine toppled over him and caused a protective guard to open. Consequently, Plaintiff was exposed to rotating machinery and was injured. Plaintiffs filed a complaint against Aeroquip Corporation and Ridge Tool Company sounding in strict products liability for defective design of the hose assembly machine.

Defendant Ridge Tool has filed this motion in limine to exclude evidence of subsequent remedial measures taken by its company during the period subsequent to the manufacture of the 1968 hose assembly machine, but prior to the date Plaintiff incurred his alleged injuries in 1991. During this time period, several devices are alleged to have

been incorporated into the redesigned model, such as: (1) a latched guard, (2) a footswitch as standard equipment, (3) stabilizer bars to prevent tipping and (4) additional warning signs. Defendant believes that Plaintiffs will attempt to introduce evidence of the above changes in order to prove the machine was defectively designed in 1968. As subsequent remedial measures, Defendant argues that such evidence should be excluded in accordance with Federal Rule of Evidence 407. Plaintiffs, in response to the motion in limine, argue that evidence of subsequent remedial measures should not be excluded because such evidence is necessary to prove causation and to establish Defendants' post-sale failure to warn about the defective design of the machine.

### *Discussion*

■ The public policy behind Federal Rule of Evidence 407 is to encourage manufacturers to make improvements for greater safety. *Kelly v. Crown Equip. Co.*, 970 F.2d 1273, 1276 (3rd Cir.1992); *Petree v. Victor Fluid Power, Inc.*, 831 F.2d 1191, 1198 (3rd Cir.1987). Rule 407, which acts as an exclusionary rule, states that

> [w]hen, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove *negligence or culpable conduct* in connection with the event. This rule does not require the exclusion of evidence of subsequent measures when *offered for another purpose*, such as proving ownership, control, or feasibility of precautionary measures, *if controverted*, or impeachment.

Fed.R.Evid. 407 (emphasis added). The Third Circuit has consistently applied Rule 407 to strict products liability cases although the language of the rule refers to negligence. *See Kelly*, 970 F.2d at 1275; *Josephs v. Harris Corp.*, 677 F.2d 985, 991 (3rd Cir.1982); *Knight v. Otis Elevator Co.*, 596 F.2d 84, 91–92 (3rd Cir.1979). In addition, Rule 407 has been construed by the Third Circuit to apply to post-manufacture, pre-accident remedial measures. *Kelly*, 970 F.2d at 1277; *Petree*, 831 F.2d at 1198.

■ As previously stated, evidence of remedial measures taken by a defendant which are submitted in order to show "negligence or culpable conduct" is barred under Rule 407. However, Rule 407 lists other purposes for which evidence of subsequent remedial measures may be admitted. Although this list is merely illustrative of the other possible purposes, the evidence is not admissible unless the other purpose is at issue or the evidence is being used for impeachment purposes. *See* Fed.R.Evid. 407 advisory committee's note. In the absence of these conditions, then the evidence is automatically excluded. *Id.*

■ Plaintiffs contend that the evidence of the subsequent remedial measures taken by the Ridge Tool Company in redesigning the hose assembly machine is admissible on two grounds. First, Plaintiffs argue that there is an "other purpose" for admitting the evidence, namely to prove causation. Plaintiffs believe that Defendants will attempt to controvert Plaintiffs' theory of causation by showing that Plaintiff was negligent in his operation of the machine. Specifically, Plaintiffs argue that Defendants will attempt to show that the protective guard would not have swung open had Plaintiff properly closed the guard prior to operating the machine. Therefore, to contradict this argument, Plaintiffs want to introduce remedial measures taken by Defendants in order to demonstrate that the 1968 model of the hose assembly machine was redesigned to assure that the protective guard remains shut.

Plaintiffs' first argument fails for several reasons. First, in applying Rule 407 to this case, we find that neither ownership, control nor feasibility is controverted, and, although Plaintiffs have offered causation as an "other purpose" exception, Plaintiffs have failed to cite to any authority to support their theory that evidence of remedial measures could be considered to show causation. Further, causation is an essential element which Plaintiffs must prove to succeed under a strict products liability theory. This Court is unaware of any prior decisions which have allowed evidence of subsequent remedial measures to be admitted to prove an element of a plaintiff's strict products liability case. To permit

Plaintiffs to proffer evidence of subsequent remedial measures in order to prove an element of the tort because such element was controverted by Defendants would in essence, permit the exception to swallow the rule. *See Kelly,* 970 F.2d at 1278.

Secondly, we reject Plaintiffs' argument on grounds of undue prejudice and public policy. "Since the implementation of remedial measures with the sale of a newly designed product is consistent with an inference that the older product of similar design was defective," such evidence cannot be admissible for the purpose of proving the defective nature of the product. *Petree,* 831 F.2d at 1198. Notwithstanding the fact that Plaintiffs have alleged that the intended purpose of offering evidence of remedial measures is to prove causation, this Court is not persuaded that the defective nature of the hose assembly machine could not be inferred by the use of such evidence. Rule 407 "operates on the presumption that undue prejudice" is likely and thereby signifying a "distrust of a jury's ability to draw the proper inferences from the evidence." *Kelly,* 970 F.2d at 1278. In fact, Plaintiffs have stated in their Pre-trial Memorandum that the hose assembly machine is defective due to the lack of several devices, such as an accessible stop switch and a latched hood mechanism, which are the designs Defendants added to the hose assembly machine after 1968 and which Plaintiffs want admitted to show causation. In addition, we find that the public policy concerns behind Rule 407, such as promoting the improvement of product safety, significantly outweigh Plaintiffs' request for admission of subsequent remedial measures. Therefore, the evidence of subsequent remedial measures shall not be admitted to show causation.

■ The second ground upon which Plaintiffs argue that the evidence of remedial measures is admissible is in support of their claim that Defendants failed to make post-sale warnings and failed to recall the machine. Plaintiffs assert that, in light of *Walton v. Avco Corp.,* 530 Pa. 568, 610 A.2d 454 (1992), which established that a seller has a duty to warn buyers of defects discovered in the product after the sale, they should be permitted to offer evidence of the remedial measures taken after PCIC purchased the hose assembly machine.

However, Plaintiffs second argument also fails. According to the Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint is to have a short and plain statement of the claim and is to give the defendant notice of the plaintiff's claim. *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In this case, Plaintiffs have failed to plead any claims of post-sale failure to warn or failure to recall in their Complaint, nor have there been any motions to amend the Complaint to add such claims. In fact, Plaintiffs' Complaint is solely based on a strict products liability claim for defective design under Section 402A of the Restatement (Second) of Torts. Therefore, such claims are not at issue before the Court, and, consequently, the evidence of subsequent remedial measures will not be admitted.

An appropriate order follows.