**Lynn A. MISENER, Plaintiff,**

v.

**GENERAL MOTORS, et al., Defendants.**

**No. 92–C–156 G.**

United States District Court,
D. Utah,
Central Division.

May 1, 1996.

Jeffrey D. Eisenberg, Colin P. King, Paul M. Simmons, Wilcox Dewsnup & King, Salt Lake City, UT, for Plaintiff.

Shawn E. Draney, Snow, Christensen & Martineau, Salt Lake City, UT, Theodore E. Kanell, Hanson Epperson & Smith, Salt Lake City, UT, Steven L. Reitenour, Bowman & Brooke, Minneapolis, MN, Ronald P. Weitzman, Bowman & Brooke, Detroit, MI, for Defendants.

BOYCE, United States Magistrate Judge.

Defendant General Motors has made a motion in limine to prevent plaintiffs from introducing or referring to evidence of design changes in the 1977 Chevrolet Blazer or its components. The plaintiff Lynn A. Misener was seriously injured in a rollover accident while a passenger in defendant General Motors' 1977 Blazer. The accident occurred on July 5, 1991 after the date of the manufacture of the vehicle. The plaintiff, was traveling in the Blazer with Daniel Manson who had borrowed the vehicle from his father. The vehicle left the road on State Route 40. Plaintiff Lynn Misener was severely injured. The plaintiff Misener has several claims against General Motors based on negligence, products liability, and breach of warranty.

Utah enacted products liability legislation with Utah Code Ann. § 78–15–1 in 1977 (Utah Product Liability Act); Laws of Utah 1977 Ch. 49. The law was amended in 1989. All claims based on a defective product are subject to the Act. *Strickland v. GMC*, 852 F.Supp. 956, 959 (D.Utah 1994) (applying provisions of statute of limita-

tions).[1] Claims for negligence and breach of implied warranty are not governed by the Act. *Dansie v. Anderson Lumber Co.,* 878 P.2d 1155, 1159 (Utah App.1994).

■ The defendant General Motors contends that post manufacture changes should be excluded under Rule 407, F.R.E. and Rules 401 and 403 F.R.E. because they lack sufficient probativeness and that the probative value is outweighed by unfair prejudice and confusion. However, General Motors has not shown wherein the evidence is prejudicial or lacks logical probativeness. The Tenth Circuit has cautioned against exclusion of evidence under Rule 403, F.R.E. saying it is an extraordinary remedy. *Weir v. Federal Ins. Co.,* 811 F.2d 1387 (10th Cir.1987). The defendant General Motors has not specified how the evidence lacks logical probativeness, Rule 401, 402 F.R.E. or is substantially outweighed by prejudice or confusion, Rule 403, F.R.E. In fact, the evidence is logically probative to plaintiffs' theories of liability. Therefore, the defendant's motion in limine based on the claim of irrelevance is denied, subject to the trial judge's perspective. If at trial the specific evidence of design change is not logically probative, it should be excluded. See *Nay v. General Motors Corp. GMC Truck Division,* 850 P.2d 1260 (Utah 1993); *Moe v. Avions Marcel Dassault–Breguet Aviation,* 727 F.2d 917 (10th Cir.1984).

General Motors contends the evidence of design changes or other changes after 1977 should be excluded on the basis of Rule 407, F.R.E. It contends design changes after the sale of the vehicle in question and before the accident are inadmissible. It relies on *Arceneaux v. Texaco Inc.,* 623 F.2d 924, 928 (5th Cir.1980). However, *Arceneaux* does not support the defendant's claim under Rule 407, F.R.E. since the actual holding of the case was that a post manufacture design change in a 1966 truck was irrelevant based on state substantive law. The accident was in 1974, the changes were in 1971. The court expressly found the changes were not in response to the event. However, the court

concluded that under the applicable substantive standard for a 1966 vehicle, the evidence was not relevant. Id. p. 928. The court appeared to recognize that Rule 407, F.R.E. had no application to the facts of the case.

A conclusion supporting General Motors' position has apparently been alluded to by the Third Circuit. *Petree v. Victor Fluid Power, Inc.,* 831 F.2d 1191 (1987). However, a closer reading of the case shows it turns on the relevancy of the evidence and not on Rule 407, F.R.E. See also *Kelly v. Crown Equipment Co.,* 970 F.2d 1273 (3d Cir.1992).

■ The Tenth Circuit has held that Rule 407, F.R.E. does not have application to exclude the introduction of evidence of subsequent remedial measures in the nature of post-event tests. *Rocky Mountain Helicopters Inc. v. Bell Helicopters Textron,* 805 F.2d 907 (10th Cir.1986). These are investigative rather than directly remedial. See also *Dow Chemical Corp. v. Weevil–Cide Co.,* 897 F.2d 481 (10th Cir.1990) (Rule 407 is not a basis to exclude a report on what corrective action might be taken).

■ It is reasonably well settled that the language of Rule 407, F.R.E., excluding measures taken "after the event", refers to the date of the accident. *Chase v. General Motors Corp.,* 856 F.2d 17, 21–22 (4th Cir.1988) (recall evidence after the accident improperly admitted), however, change in brake design before the accident was not excludable. Event, under Rule 407, is the time of the accident); *City of Richmond, Va. v. Madison Management Group,* 918 F.2d 438, 459–60 (4th Cir.1990) (date of accident is the event for purposes of Rule 407); *United States Fidelity & Guaranty Co. v. Baker Material Handling Corp.,* 62 F.3d 24 (1st Cir.1995); *Rozier v. Ford Motor Co.,* 573 F.2d 1332 (5th Cir.1978) (remedial measures taken by car manufacturer before the accident admissible); *Huffman v. Caterpillar Tractor Co.,* 908 F.2d 1470, 1482 (10th Cir.1990) (en banc, on rehearing) (time of accident or injury, not

**1.** To the extent *Strickland* is speaking of applying the Act to negligence and warranty claims, the

decision has been undermined by the *Dansie*

manufacture governs);[2] *Rimkus v. Northwest Ski Corp.*, 706 F.2d 1060, 1064 (10th Cir.1983) ("after the accident"). Salzburg, Martin & Capra, *Federal Rules of Evidence Manual*, Vol. 1, 6th Ed. p. 489 (1994); Graham, *Handbook of Federal Evidence*, 3rd Ed. p. 266 (1991).

■ Under Rule 407, F.R.E., evidence of subsequent remedial measures is not admissible to prove negligence or culpable conduct. *Huffman*, supra. The exclusions are important to foster the policy of encouraging a person to take steps in furtherance of added safety. Further, the probative value of such evidence as an admission is limited when it occurs after the fact and where the experience of the event provides insight that did not previously exist. *Hull v. Chevron U.S.A.*, 812 F.2d 584 (10th Cir.1987). However, Rule 407, F.R.E. does not apply to post event reports and investigations. *Rocky Mountain Helicopters*, supra, 805 F.2d 907, 919 (10th Cir.1986); *Dow Chemical Corp. v. Weevil–Cide Co., Inc.*, 897 F.2d 481, 487–88 (10th Cir.1990).

■ The Tenth Circuit has concluded this aspect of Rule 407 requires application of state evidence law on the issue of subsequent remedial measure evidence in a diversity action if there is state law on the subject. *Herndon v. Seven Bar Flying Service, Inc.*, 716 F.2d 1322, 1326–27 (10th Cir.1983); *Moe v. Avions Marcel Dassault–Breguet Aviation*, supra; *Wheeler v. John Deere Co.*, 935 F.2d 1090, 1098 (10th Cir.1991); C. Mueller and L. Kirkpatrick, *Federal Evidence*, 2d Ed. § 133 (1994). When the state has interpreted Rule 407 or its equivalent state counterpart, state policy must determine admissibility, *Moe*, supra; *Herndon*, supra. If no state law is applicable the court will follow Rule 407, F.R.E.

In this case there is no Utah law that would exclude evidence of design modifications taken after manufacture but before the accident in question. Therefore, the Tenth Circuit cases holding that Rule 407, F.R.E. is operative only to changes made after the

time of the accident will be applied. *Huffman*, supra. It is unlikely a person would withhold making needed design changes based on some hypothetical future accident. *Oberst v. International Harvester Co.*, 640 F.2d 863, 866 (7th Cir.1980).

The plaintiff contends that none of the evidence it seeks to introduce should be excluded, at least as to its strict product liability claim, because there is no Utah law determining whether Rule 407, U.R.E. applies to products liability cases and the Tenth Circuit has said Rule 407, F.R.E. has no such application. There is a split of authority under federal cases as to whether the prohibition of Rule 407 F.R.E. has application to strict products liability cases. Annotation, *Admissibility of Evidence of Subsequent Remedial Measures Under Rule 407 of Federal Rules of Evidence*, 50 ALR Fed. 935 (1980 & Supp.) § 2; *Weinstiens Evidence*, Vol. 2 ¶ 407[03]; C. Mueller and L. Kirkpatrick, supra, § 131. The Eleventh Circuit has recently said Rule 407 F.R.E. applies to strict products liability cases. *Wood v. Morbark Industries, Inc.*, 70 F.3d 1201, 1207 (11th Cir.1995) (claiming position as majority rule among federal circuits but noting a split among the circuits). The Eighth Circuit has followed the position that Rule 407, F.R.E. has no application in strict products liability cases. *Burke v. Deere & Co.*, 6 F.3d 497, 506 (8th Cir.1993). Of course, the Tenth Circuit also adopted that position. There are no Utah cases on the issue. In *Barson v. E.R. Squibb & Sons, Inc.*, 682 P.2d 832 (Utah 1984) the issue of the introduction of the fact that subsequent informational inserts were put in drug packages was raised but it was not decided due to a party's failure to raise the issue in the trial court.

Defendant urges that in light of the adoption of the Utah Products Liability Act, Utah Code Ann. § 78–15–1 et seq., the Utah Supreme Court would follow the majority federal rule and apply Rule 407, U.R.E. to strict products liability cases. However, there is nothing manifest in the language of the Utah Products Liability Act that compels that re-

ruling from the Utah Court of Appeals decided after *Strickland*.

**2.** The court did not accept the argument that *Petree* supra, should be applied. 908 F.2d p. 1482.

sult. The Rule 407 exclusion is one of policy not statutory construction.

The Tenth Circuit has clearly ruled that Rule 407, F.R.E. has no application to strict products liability cases. *Herndon v. Seven Bar Flying Service, Inc.,* supra; *Meller v. The Heil Company,* 745 F.2d 1297, 1299 n. 3 (10th Cir.1984); *Huffman v. Caterpillar Tractor Co.,* supra. In the absence of a Utah decision to the contrary, the court will apply the applicable Tenth Circuit precedent. Therefore, as to the strict liability claims, evidence of the design change in 1992 in the Blazer vehicle, by adding an all metal roof, will be admissible on plaintiff's products liability claim, but not on the plaintiff's claim of negligence.

The 1977 change in the Blazer vehicle making the roll bar optional and the 1978 change in the windshield will be admissible because they preceded the accident in this case and are therefore not excludable for any purpose, subject to a specific relevancy issue that may be presented at trial. However, both design changes are, at this point, logically probative of plaintiff's claims. Therefore,

**IT IS HEREBY ORDERED** that the design changes in the defendant's Blazer vehicle are admissible, except that the 1992 change adding a metal roof is not admissible on the issue of defendant's negligence. If requested on this point, a limiting instruction under Rule 105, F.R.E. should be given.