

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-29-2003

# Mannarino v. Morgan

Precedential or Non-Precedential: Non-Precedential

Docket 02-2237

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Mannarino v. Morgan" (2003). *2003 Decisions.* Paper 609.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/609

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-2237

_____

JULIA MANNARINO and RON TESKA d/b/a SOUTHWESTERN COMMUNITY
VENTURES

v.

MORGAN TOWNSHIP, SHIRL BARNHART, UNITED STATES DEPARTMENT OF
HOUSING AND URBAN DEVELOPMENT and ANDREW CUOMO

MORGAN TOWNSHIP, SHIRL BARNHART, Appellants

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(Civil Action No. 99-2058)
District Judge: The Honorable Robert C. Mitchell

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 6, 2003

Before: ROTH, BARRY and FUENTES, Circuit Judges

(Opinion Filed: April 29, 2003)

_____

OPINION OF THE COURT

_____

FUENTES, <u>Circuit</u> <u>Judge</u>

Defendants Morgan Township and Shirl Barnhart appeal the judgment entered against them and in favor of plaintiffs Julia Mannarino and Ron Teska d/b/a Southwestern Community Ventures on plaintiffs' 42 U.S.C. § 1983 claims. Because we discern no error in the findings of fact and conclusions of law entered by the District Court, we will affirm.

**Facts and Procedural Background**

The factual allegations underlying this case are well known to the parties, and therefore, they are not detailed here, except to the extent that they directly bear upon the analysis. On December 20, 1999, plaintiffs Julia Mannarino and Ron Teska, husband and wife doing business as Southwestern Community Ventures, brought suit against defendants Morgan Township, a Pennsylvania municipality, Shirl Barnhart, Chairman of the Morgan Township Board of Supervisors, the United States Department of Housing and Urban Development ("HUD"), and Andrew Cuomo, Secretary of HUD, alleging that their rights under Section 3 of the Housing and Urban Development Act of 1968, as amended, 12 U.S.C. § 1701u, were violated by the manner in which Morgan Township had awarded a contract to provide administrative services for housing rehabilitation. Thereafter, defendants HUD and Andrew Cuomo were dismissed from the action. The parties consented to trial before United States Magistrate Judge Robert C. Mitchell.

After holding a pretrial conference, the Court identified, in the Pretrial Order, the

-2-

contentions of the parties and the issues to be resolved as follows:

> Plaintiffs' Contentions: Count II remains against Morgan Township and Shirl Barnhart: § 1983 action alleging defendant failed to give proper consideration under the HUD Act.

> Defendants' Contentions: Plaintiffs are not residents of Morgan Township and therefore HUD is inapplicable to them.

> Issue to be Resolved: In determination of award contract did defendants give proper consideration to plaintiffs?

App. at 29. Following a bench trial, the Court ruled that plaintiffs' action was timely filed and that defendants failed to comply with Section 3 of the Housing and Urban Development Act, which requires that, to the greatest extent feasible, opportunities for training and employment be given to business concerns that provide economic opportunities to low and very low income persons residing in the non-metropolitan county in which the assistance is expended. The Court held that plaintiffs, who are residents of the non-metropolitan county, are members of the class intended to benefit by Section 3 of the Act, while Community Preservation, to whom the contract was awarded, was not and that plaintiffs were qualified to be awarded the contract. The Court concluded that plaintiffs were entitled to $16,225 for loss of income and thereafter entered a judgment awarding plaintiffs these damages, together with costs. Defendants timely appealed.

## II. Jurisdiction and Standard of Review

The District Court exercised jurisdiction over this matter under 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1291.

We accept the trial court's findings of historical or narrative facts unless clearly erroneous and exercise plenary review of the court's interpretation of legal precepts and its application of those precepts to the historical facts. See Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 623 (3d Cir. 1991) (citing Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101-02 (3d Cir. 1981)).

### III. Discussion

Defendants assert on appeal that plaintiffs' § 1983 claims are barred by the applicable two year statute of limitations; that they satisfied the Section 3 requirements by informing plaintiffs of the potential contracting opportunities and awarding them points in the evaluation process for being a Section 3 business; that, in any event, plaintiffs' business was not a qualifying Section 3 business because plaintiffs do not reside in Morgan Township; and finally, that the Court erred in finding personal liability against defendant Shirl Barnhart because no evidence was presented that would support the imposition of personal liability upon a township supervisor acting in his official capacity.

In response, plaintiffs explain that they do not claim that Barnhart is personally liable for the judgment below and note that their original and amended complaint named Barnhart only in his capacity as Chairman of the Board of Supervisors for Morgan Township. With respect to the statute of limitations argument, plaintiffs counter that defendants did not raise the statute of limitations defense based on the December 11 or 12, 1997 notice date until their closing arguments at trial. Moreover, the statute of limitations defense, though pleaded in

the answer, was not included in the Pretrial Order.

As we have previously observed, "[t]he finality of the pretrial order contributes substantially to the orderly and efficient trial of a case." Petree v. Victor Fluid Power, Inc., 831 F.2d 1191, 1194 (3d Cir. 1987). Because the statute of limitations argument was not identified in the Pretrial Order, plaintiffs did not have a meaningful opportunity to address its merits at trial. We therefore agree with plaintiffs that allowing defendants to raise the defense on appeal would constitute unfair prejudice and, accordingly, we affirm the District Court on this issue.

Defendants next argue that plaintiffs were not entitled to a preference as a Section 3 business concern because they are not residents of Morgan Township. Defendants argue, in the alternative that, under the Interim Rules in effect at the time of the awarding of the contract, they were only required to seek out qualified Section 3 businesses to inform them of the potential contracting opportunity. Defendants assert that they solicited Mannarino to participate in the request for proposals and that they awarded her points in the evaluation process for being a Section 3 business.

Plaintiffs correctly assert that Southwestern Community Ventures is entitled to preference under Section 3 because the individual plaintiffs by whom it is wholly owned are very low income individuals residing in Greene County, the nonmetropolitan county in which the covered assistance was expended.

Section 3 provides:

> In providing housing and community development assistance pursuant to other programs . . . to the greatest extent feasible, and consistent with existing Federal, State, and local laws and regulations, contracts awarded for work to be performed in connection with a housing rehabilitation (including reduction and abatement of lead-based paint hazards), housing construction, or other public construction project are [to be] given to business concerns that provide economic opportunities for low- and very low- income persons residing <u>within the metropolitan area (or nonmetropolitan county) in which the assistance is expended</u>.

12 U.S.C. § 1701u(d)(2)(A) (emphasis added). As to the issue of compliance with Section 3, plaintiffs counter that informing Section 3 businesses of opportunities is but one of the many actions that must be carried out to satisfy the "greatest extent feasible" statutory requirement and, standing alone, is insufficient. The appendix to the HUD's Interim Rules, which were in effect when the contract at issue was awarded provides 22 "Examples of Efforts to Award Contracts to Section 3 Business Concerns." Economic Opportunities for Low and Very Low Income Persons; Interim and Final Rules, 59 Fed. Reg. 33865, 33889 (1994). Providing notice of contracting opportunities is one of the many examples set forth in the appendix. Defendants offer no basis however for concluding that, either standing alone or coupled with the award of points given to plaintiffs to reflect Section 3 business status, their selection process necessarily satisfied the "greatest extent feasible" statutory requirement. We therefore affirm the District Court.

## IV. <u>Conclusion</u>

After carefully considering the arguments discussed above and all other arguments

advanced by appellants in support of their assertion that the District Court erred in awarding damages to appellees on their § 1983 claims, we affirm the District Court's judgment.

_____

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

By the Court,

/s/Julio M. Fuentes

Circuit Judge