

Villanova University School of Law
Villanova University School of Law Digital Repository

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-15-2004

# DeWyer v. Temple Univ

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1495

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"DeWyer v. Temple Univ" (2004). *2004 Decisions.* Paper 936.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/936

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-1495

JUDITH DEWYER,

Appellant

v.

TEMPLE UNIVERSITY;
RHONDA BLANTON

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

(Dist. Court No. 00-cv-01665)
District Court Judge: Honorable Ronald L. Buckwalter

Argued: January 12, 2004

Before: ALITO, CHERTOFF, and BECKER, <u>Circuit Judges</u>.

(Opinion Filed: March 15, 2004)

Richard J. Silverberg (argued)
Richard J. Silverberg & Associates
1500 Walnut Street
Suite 1500

Philadelphia, PA 19102
*Attorney for Appellant*


James Bucci (argued)
Spector, Gadon & Rosen
1635 Market Street
Seven Penn Center, 7th Floor
Philadelphia, PA 19103

*Attorney for Appellees*

---

OPINION OF THE COURT

---

PER CURIAM:

I.

Judith DeWyer ("DeWyer") brought suit in the United States District Court for the Eastern District of Pennsylvania against her former employer, Temple University ("Temple"), and her former supervisor, Rhonda Blanton.[1] She alleged that Temple and Blanton were liable for disability and race discrimination, in violation of the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981, and the Pennsylvania Human Relations Act ("PHRA"),

---

[1] Rhonda Blanton is now known as Rhonda Jenkins. See App. at 14. To avoid confusion, we refer to her as Blanton.

Pa. Cons. Stat. Ann.§ 951 et seq.[2] Temple and Blanton moved to dismiss, and the District Court granted the motion in part and denied the motion in part. The District Court dismissed DeWyer's claims alleging discrimination in public accommodations under the ADA and PHRA, her claim alleging aiding and abetting a violation of the ADA, and her claim alleging intentional infliction of emotional distress. After discovery, Temple moved for summary judgment. This motion was also granted in part and denied in part. The Court entered summary judgment against DeWyer on her claims of retaliation and aiding and abetting under the PHRA.

The remaining issues went to trial in front of a jury. At trial, DeWyer objected on several grounds to the District Court's charge to the jury. After a four-day trial, the jury returned a verdict in favor of Temple, and the District Court entered judgment on its verdict.

On appeal, DeWyer argues that she is entitled to a new trial because the District Court refused to charge the jury on several of her claims and that the District Court abused its discretion by excluding evidence of discrimination that occurred after DeWyer's suspension from work. Because we conclude that the District Court did not err in its jury instructions and did not abuse its discretion by excluding the evidence in

---

[2] "The PHRA and the ADA are 'basically the same . . . in relevant respects and "Pennsylvania courts . . . generally interpret the PHRA in accord with its federal counterparts.'"" Buskirk v. Apollo Metals, 307 F.3d 160, 166 n.1 (3d Cir. 2002) (citations omitted). Therefore, in the portions of this opinion concerning disability discrimination, we cite ADA precedents.

3

question, we affirm the District Court's judgment.

## II.

In evaluating jury instructions, our overarching standard of review is abuse of discretion. United States v. Fischbach & Moore, Inc., 750 F.2d 1183, 1195 (3d Cir. 1984). However, a trial court necessarily abuses its discretion if it "misstates the proper legal standard," so when a jury instruction is challenged on that basis, we exercise plenary review. Hopp v. City of Pittsburgh, 194 F.3d 434, 440 (3d Cir. 1999). In evaluating instructions, we ask "whether the charge, taken as a whole and viewed in the light of the evidence, fairly and adequately submits the issues in the case to the jury." Fischbach & Moore, Inc., 750 F.2d at 1195; see also, Limbach v. Sheet Metal Workers Int'l Assoc., 949 F.2d 1241, 1259 n.15 (3d Cir. 1991). If we conclude that an instruction was erroneous on a non-constitutional ground, we reverse unless we are able to say that the "jury would have reached the same result had it been instructed according to the correct legal standard." Hopp, 194 F.3d at 440 (internal quotation marks and citation omitted). Where a party failed to preserve its objection to the instruction in question, we review for plain error. Fashauer v. New Jersey Transit Rail Operations, 57 F.3d 1269, 1289 (3d Cir. 1995).

On the question of the admission or exclusion of evidence, we apply an abuse-of-discretion standard. See Rinehimer v. Cemcolift, Inc., 292 F.3d 375, 382-83 (3d Cir. 2002); In re Merritt Logan, Inc., 901 F.2d 349, 359 (3d Cir. 1990) ("[E]rrors in the

4

admission or exclusion of evidence can not be grounds for reversal or a new trial if they constitute harmless error.").

## III.

### A.

DeWyer first argues that the District Court erred by failing to charge the jury with respect to her claims that Temple did not provide her with a reasonable accommodation for her known disabilities.

A party who presents enough evidence to support a particular claim is entitled to a jury instruction on the claim, and if such an instruction is not given and the party properly preserved the objection, the party is entitled to a remand for a new trial unless the failure to give the instruction was harmless. See Petree v. Victor Fluid Power, Inc., 831 F.2d 1191, 1197 (3d Cir. 1987). See also, e.g., Cigna Insurance Co. v. Oy Saunatec, 241 F.3d 1, 8 (1st Cir. 2001); Wilson v. Union Pacific R.R., 56 F.3d 1226, 1230 (10th Cir. 1995); see also, Brown v. Gray, 227 F.3d 1278, 1291 (10th Cir. 2000); Trejo v. Denver & Rio Grande W. R.R., 568 F.2d 181, 184 (10th Cir. 1977).

In this case, our review of the record leads us to conclude that DeWyer failed to present sufficient evidence concerning her accommodation claim. If anything, the evidence suggests that Temple attempted to accommodate her limitations. According to DeWeyer's testimony, when she first approached Ed Price to ask whether she could use the handicap parking in front of the WIC building, Price listened to her request and

5

obtained an answer from his supervisor, Chris Kent. Price said that she could indeed use the handicapped parking spot if she had a handicapped placard or license. App. at 116. After DeWyer's suspension for parking in the handicapped spot, she presented Rhonda Blanton with a doctor's note stating that she required handicapped parking, and Blanton then allowed her to park in the handicapped spot. Id. at 143. After reviewing the relevant evidence, we hold that DeWeyer failed to present sufficient evidence to require the District Court to charge the jury on the question of reasonable accommodation. Moreover, even if such an instruction were necessary, we are convinced that the failure to instruct on this point was harmless.

B.

DeWyer next argues that the District Court erred by not charging the jury with respect to her claim that the Temple failed to engage in the interactive process despite notice of her disabilities. This argument fails as well.

The evidence showed that Temple engaged in the interactive process. For example, DeWyer's supervisors requested information regarding her limitations and alleged disability, and they considered her request for accommodation. In the end, when DeWyer presented Blanton with a doctor's note concerning her medical condition she was allowed to park in the handicapped parking spot. We note that brief disagreements or misunderstandings do not rise to the level of a failure to engage in the interactive process, which requires only reasonableness, not perfection. We hold that DeWeyer did not offer

6

sufficient evidence to require the charge at issue and that the failure to give the charge was, in any event, harmless.

C.

DeWyer next contends that the District Court erred in failing to charge the jury on the question of perceived disability. Under the ADA, a disability means: (1) "a physical or mental impairment that substantially limits one or more of the major life activities of such individual;" (2) "a record of having such an impairment;" or (3) "being regarded as having such an impairment." 42 U.S.C. § 12102(2). A person is regarded as disabled if the person:

> (1) Has a physical or mental impairment that does not substantially limit major life activities but is treated by the covered entity as constituting such limitation;
>
> (2) Has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or
>
> (3) Has [no such impairment] but is treated by a covered entity as having a substantially limiting impairment.

Taylor v. Pathmark Stores, 177 F.3d 180, 187 (3d Cir. 1999) (quoting 29 C.F.R. § 1630.2(l)). In order for a case to fall under the "regarded as prong," an employer must "regard the employee to be suffering from an impairment within the meaning of the statutes." Rinehimer v. Cemcolift, Inc., 292 F.3d 375, 381 (3d Cir. 2002) (internal quotation marks omitted). It is not enough that the "employer believed the employee to

7

be somehow disabled." Id.

In this case, DeWeyer did not offer sufficient evidence to require an instruction on this point, and in any event, the failure to charge was harmless. Among other things, the record shows that Blanton never noticed DeWyer having any difficulty walking and that Kent was surprised at DeWyer's request for handicapped parking because he had never noticed anything wrong with her. App. at 294, 551.

D.

DeWyer's final argument is that the District Court erred in excluding evidence of discrimination occurring after DeWyer's suspension on April 6, 1998. She claims that the evidence is relevant to show Blanton, an African American, harbored racial prejudice against DeWeyer, who is white, and that this evidence tends to show that Temple's proffered reason for her suspension was pretextual.

Determinations of relevancy and the exclusion of evidence are generally committed to the broad discretion of the District Court. This case is no different. Here, we can see no reason why the District Court's determination, that this evidence lacked relevancy, was an abuse of discretion. Accordingly, we will not disturb the District Court's determination on this point.

IV.

We have reviewed all of DeWyer's arguments, and under the applicable legal standards, we see no ground for reversal. We therefore affirm the judgement order of the

8

District Court.

*DeWyer v. Temple University*, No. 03-1495

*Becker, Circuit Judge*, dissenting.

I agree with the result reached by the majority on all the questions presented except whether the accommodation claim should have gone to the jury. In view of the relatively summary nature of our disposition of this appeal, I will say no more than that I read the record differently from the majority. While things may ultimately have got straightened out, I think that for quite some time Temple and Ms. Blanton treated Ms. DeWyer very shabbily and that a reasonable jury could find that during that period of time DeWyer was categorically denied the accommodation of a handicapped parking space which could easily have been made available to her. Nor do I think that the error was harmless. I would vacate and remand for a new trial on DeWyer's failure to accommodation claim.